Battle, J.
 

 The debt for which the def’t. Streator endeavored to give the security of the sealed note of Britt and Streator, who -were partners in trade, was undoubtedly the debt of the firm, and the judgments obtained by them against the plaintiff, possessed that mutuality of claim which justified the Court in allowing the one to be set off against the other. Streator certainly did not execute the bond as his own individual obligation, and it cannot be treated as such. In the case of
 
 Delius
 
 v. Cawthorne, 2 Dev. Rep. 90, it was decided that an agent, who liad only a parol authority, could not bind his principal by a bond, nor would the instrument, though sealed by him, in the name of his principal, be the bond of the agent. It would not be so, because it did not purport to be his deed. Eor the same reason, though one partner cannot bind the firm by deed, yet the deed will not be that of the partner who executes it. And, in truth, a debt intended to be thus secured, -would remain the simple contract debt of the partnership, and must be so treated in any action upon it.
 

 
 *263
 
 Considered in that light, and supposing it to have been declared upon in a proper manner, the plaintiff could not, by suing one only of the partners, prevent the firm from pleading and proving as a set-off a debt to them from the plaintiff. . In this particular case, there is another fatal objection to the plaintiff’s recovery. From the record, it appears that ho declared upon a bond executed by two obligors, and according' to his own allegation, he proved a bond executed by one person only. The instrument proved, then, was a different one from that which was declared on; so there was a fatal variance between the pleadings and the proof.
 

 Pee Cueiaxi, The j ndgment must be affirmed.